UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ROBY,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 08-15335
DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past light work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplement Security Income (SSI) on August 1, 2005, alleging that she had been disabled and unable to work on April 11, 2005, at age 44, due to bilateral carpal tunnel syndrome and knee pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on May 13, 2008, before Administrative Law Judge (ALJ) Peter Dowd. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past light work as an automobile part inspector, motel housekeeper or retail counter clerk. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for

Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 273). She had been graduated from high school, and had been employed as a automobile parts inspector, motel housekeeper, retail counter clerk and assembly line worker during the relevant past (TR 277). As an inspector, Plaintiff was on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 69).

Claimant alleged disability since April 2005, due to severe wrist and knee pain (TR 281, 285). She testified that pain medications and muscle relaxers failed to relieve her discomfort, and caused her to become sleepy (TR 287-288, 293). As a result of her joint pain, she was unable to sit, stand or walk for prolonged periods (TR 294). The claimant needed to recline several times a day in order to get pain relief (TR 296). Plaintiff could perform some household chores, such as cooking, laundry and shopping, and was able to travel by automobile in order to visit friends and relatives outside Michigan (TR 288-290).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as light to medium, unskilled activity (TR 298). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 300). If the claimant were capable of light work, the witness testified that Plaintiff could return to her past work as a retail clerk, motel housekeeper or automobile inspector (TR 299). These

---

[1]The witness explained that Plaintiff's alleged inability to concentrate and need to lie down several times a day to relieve her joint pain would preclude all work activity (TR 300).

**2**

jobs did not require extensive exposure to manual vibration, unprotected heights, or moving machinery (TR 299).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome and knee pain, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's wrist and knee pain prevented her from working at jobs involving excessive manual vibrations or exposure to moving machinery and unprotected heights. Since Plaintiff's past jobs as a parts inspector, motel housekeeper and retail counter clerk were not precluded by these limitations, the ALJ found that she remained able to perform her past relevant work.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2009).

<u>DISCUSSION AND ANALYSIS</u>

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work, including her past work as an automobile parts inspector, hotel housekeeper or retail counter clerk. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling wrist and knee pain.

A review of the administrative record reveals relatively little medical evidence concerning Plaintiff's allegedly disabling impairments. The record does not document any deterioration in the claimant's condition at the time of her alleged onset date of April 2005. No doctor recommended that she permanently stop working at that time. In fact, Plaintiff returned to work in May 2006, and continued to work until December 2006, when she accepted a workers' compensation settlement for $49,000 payable in September 2007 (TR 282).

A consultative examination by Dr. Paul Drouillard in February 2005, revealed that Plaintiff exhibited a normal gait and station. The claimant did not appear to be in any distress, and she did not exhibit any neurological deficits. There was no ligament instability in her wrists. According to Dr. Drouillard, grip strength testing suggested that the claimant was attempting to deceive the examiner and did not demonstrate her true abilities (TR 174-175). Dr. Drouillard concluded that there was clear evidence of pain symptom magnification (TR 176). He opined that Plaintiff could return to her former work without restriction (TR 176).

Dr. Stephen Morris, who performed carpal tunnel release surgery on claimant's right wrist in July 2004, evaluated her on March 17, 2005, and reported that she had returned to work without restriction (TR 177). Following a physical examination, the treating doctor opined that the claimant was not hurting herself by working. He recommended that Plaintiff avoid factory production jobs. Dr. Morris suggested that claimant's employer find her a "rotating" job accommodating her functional limitations caused by the pain and discomfort in her upper extremities (TR 177).

Dr. Byron Chamberlain, another treating physician, reported on April 11, 2005, that claimant enjoyed a normal range of wrist motion without any signs of instability (TR 192). The doctor prescribed physical therapy and home exercises, and he advised that Plaintiff lose some weight (TR 192). Dr. Chamberlain indicated that the claimant could work as long as she avoided repetitive manual gripping, deep knee bending and lifting more than two pounds (TR 192, 262).

Bilateral knee X-rays taken in April 2005 and August 2007, revealed moderate osteoarthritis (TR 192, 241). An EMG study performed in May 2005, revealed no evidence

of carpal tunnel syndrome (TR 217-218). Dr. Jeffrey Levin, a consultative examiner, concluded in October 2006, that Plaintiff could work full time as long as she did not lift more than five pounds and avoided pushing pulling, bending or stooping (TR 256). Dr. Levin later declared her totally disabled, as of December 2006, as a result of carpal tunnel syndrome and cervical radiculopathy (TR 258).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of light work[2] (TR 222-229).In light of all the evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from wrist and knee pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered fatigue or drowsiness, or that she needed to recline frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not involve bilateral manual vibrations or exposure to unprotected heights and moving machinery.

Plaintiff relies heavily upon the fact that Dr. Levin eventually found her to be totally disabled (TR 258), and that Dr. Chamberlain concluded that she could lift just two pounds (TR 262). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2009).

6

is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Levin and Chamberlain offered no objective evidence to support their respective statements of disability, their opinions need not have been given any special weight[3]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work. Since Plaintiff's past work as a automobile parts inspector was consistent with that level of exertion, substantial evidence existed on the record that she was not disabled within the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[3]The ALJ rejected the doctors' disability opinions, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support any disability. He reasonably concluded that the conservative course of treatment pursued by Dr. Chamberlain, as well as the clean bills of health offered by Drs. Drouillard and Morris, provided substantial contradictory evidence to reject the disability opinions (TR 20).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/Donald A. Scheer
                                           DONALD A. SCHEER
                                           UNITED STATES MAGISTRATE JUDGE

DATED: August 11, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 11, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 11, 2009: **None.**

                                           s/Michael E. Lang
                                           Deputy Clerk to
                                           Magistrate Judge Donald A. Scheer
                                           (313) 234-5217